Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWENTIETH CENTURY FOX FILM CORPORATION, SFM ENTERTAINMENT LLC, and NEW LINE HOME VIDEO, INC. <br><br> Plaintiffs, <br><br> vs. <br><br> DASTAR CORPORATION, ENTERTAINMENT DISTRIBUTING and MARATHON MUSIC & VIDEO <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS. | CV 98-07189 FMC (Ex) <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION OF PLAINTIFFS' UNFAIR COMPETITION CLAIM.** |

This matter is before the Court on Defendants and Counterclaimants' Motion for Summary Adjudication of Plaintiffs' unfair competition claim (docket no. 383), filed September 19, 2003. The Court will construe Defendants' motion as a Motion for Reconsideration based on a change in the law. For the reasons set forth below, the Court **hereby grants** Defendants/Counterclaimants' Motion.

## I. Background

Plaintiffs filed their First Amended Complaint with this Court on March 29, 1999 asserting claims for copyright infringement, reverse passing

off under the Lanham Act and unfair competition under California law. Plaintiffs' lawsuit was based on Defendants' distribution of a video series entitled *Campaign in Europe* which Plaintiffs claimed infringed protected material from the book, *Crusade in Europe*, and appropriated the television series, *Crusade in Europe*, without proper credit.

On January 6, 2000, the Court granted Plaintiffs' motion for summary judgment on all three counts. In granting summary judgment on the Lanham Act claim, the Court found that Defendants copied substantially all of Plaintiffs' television series. In addition, the Court found that Defendants' failure to identify the television series and book was misleading to the public because it gave the false impression that Defendants' series contained only the work of those listed in the credits, even though the series contained significant portions of Plaintiffs' work. In granting summary judgment on the California unfair competition claim, the Court treated its resolution of the Lanham Act claim as controlling on the California unfair competition claim because the ultimate test under both is whether the public is likely to be deceived or confused.

On April 19, 2002, the Ninth Circuit affirmed the Court's grant of summary judgment on the Lanham Act claim, but reversed as to the copyright infringement claim. 34 Fed. Appx. 312 (2002). The Ninth Circuit did not address the California unfair competition claim.

The Supreme Court granted Defendants' petition for certiorari on January 3, 2003. On June 2, 2003, the Supreme Court reversed the Ninth Circuit's judgment on the Lanham Act claim and remanded to the Ninth Circuit for further proceedings in conformity with the Supreme Court opinion. *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 123 S. Ct. 2041 (2003). The Supreme Court based its conclusion that Plaintiffs could not prevail on their Lanham Act claim on its analysis and construction of the

phrase "origin" of "goods" in Section 43(a) of the Lanham Act.[1] *Id. at 2050.* The Supreme Court concluded that origin of goods "refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." *Id.* Applying that construction, the Supreme Court determined that Defendants, as the manufacturer or producer of the physical goods available to the public, were the "origin" of the goods; therefore Defendants' claim that they were the sole producer of *Campaigns in Europe* was not a false designation of origin under the Lanham Act. *Id.* at 2046-7, 2050. The Supreme Court noted that Plaintiffs prevailed on their California unfair competition claim because the District Court treated its resolution of the Lanham Act as controlling on that cause of action. *Id.* at 2045.

On August 19, 2003, the Ninth Circuit remanded to this Court "with instructions that the district court dismiss with prejudice plaintiffs' reverse passing off claim under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in conformity with the Supreme Court's opinion." In accordance with those directions, this Court dismissed Plaintiffs' Lanham Act claim with prejudice.

## II. Standard of Review

Defendants filed the present Motion for Summary Adjudication of Plaintiffs' California unfair competition claim on September 19, 2003. Plaintiffs argue that Summary Adjudication is improper because the Court previously entered judgement in Plaintiffs' favor; Plaintiffs assert that the

---

[1] Section 43(a) of the Lanham Act provides in part: "Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce . . . any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a)(1)

proper motion is for Relief from Judgment or Order under Fed. R. Civ. P. 60(b). The Court finds that Plaintiffs' unfair competition claim is properly reviewed under a Local Rule 7-18 Motion for Reconsideration, based on the change in law resulting from the Supreme Court's decision in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 123 S. Ct. 2041 (2003). Accordingly, the Court will construe Defendants' motion as a Motion for Reconsideration of this Court's previous grant of Plaintiffs' summary judgment motion and denial of Defendants' summary judgment motion, on Plaintiffs' unfair competition claim.

Local Rule 7-18 limits the grounds upon which a party may seek reconsideration of a court's decision on a given motion. Under Local Rule 7-18, a motion for reconsideration is proper only where the moving party demonstrates: 1) a material difference in fact or law from that previously presented to the Court that in the exercise of reasonable diligence could not have been known to the party at the time of such decision; 2) the emergence of new material facts or a change in law occurring after the Court has rendered its decision; or 3) a manifest showing of a failure to consider material facts presented to the Court.

In *Dastar*, the Supreme Court, for the first time, construed the phrase "origin of goods" in the Lanham Act to refer only to "the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." *Dastar*, 123 S. Ct. at 2050.

The Supreme Court's decision constitutes a change in the law, because it refined the definition of "origin" of goods. Because Plaintiffs' California unfair competition claim is congruent with their Lanham Act claim, this Court must reconsider Plaintiffs' unfair competition claim in light of the Supreme Court's interpretation in *Dastar*.

## III. Discussion

The Ninth Circuit has consistently held that claims brought under California unfair competition law are "substantially congruent" to claims brought under the Lanham Act, because the ultimate test under both is whether the public is likely to be deceived or confused. *Cleary v. News Corp.*, 30 F.3d 1255, 1262-1263 (9th Cir. 1994). Defendants argue that due to the congruence of the claims, Plaintiff's unfair competition claim should be denied. *See Japan Telecom, Inc. v. Japan Telecom America, Inc.*, 287 F.3d 866, 875 (9th Cir. 2002) (plaintiff's "California unfair competition claim fails because its related Lanham Act claims fail"); *Denbicare U.S.A., Inc. v. Toys "R" Us, Inc.*, 84 F.3d 1143, 1152-53 (9th Cir. 1996) (dismissal of plaintiff's § 17200 and § 17500 claims were proper since plaintiff's Lanham Act claim was properly dismissed).

Plaintiffs assert that a valid basis remains for their California unfair competition claims, because the Supreme Court did not directly overturn this Court's findings on summary judgment that the works were similar enough to cause consumer confusion and Defendants' packaging was misleading. Although not directly rejected, the Supreme Court's construction of "origin" impliedly rejected any consumer confusion regarding Defendants' product. The Supreme Court's interpretation led to a determination that Defendants were the origin; therefore, there was no false designation of origin and no consumer confusion. Accordingly, under the congruent California unfair competition claim, Defendants' statement that they were the sole producers was not misleading and did not cause consumer confusion.

At oral argument, Plaintiffs asserted that the Supreme Court's holding in *Dastar* stands for the narrow holding that there was no false designation because Defendants were the producer/manufacturer of the videos. They

5

argue *Dastar* does not preclude other misrepresentations from giving rise to causes of action under the Lanham Act or California unfair competition law. In *Dastar*, the Supreme Court stated,

> If, moreover, the producer of a video that substantially copied the Crusade series were, in advertising or promotion, to give purchasers the impression that the video was quite different from that series, then one or more of the respondents might have a cause of action – not for reverse passing off under the 'confusion ... as to origin' provision of § 43(a)(1)(A), but for misrepresentation under the 'misrepresents the nature, characteristics [or] qualities' provision of § 43(a)(1)(B).

*Dastar*, 123 S. Ct. at 2050. Although the Supreme Court in *Dastar* recognized that other types of misrepresentations would support Lanham Act claims, the hypothetical misrepresentation mentioned by the Court is not present in this case. Additionally, the Supreme Court explained that other misrepresentations may give rise to Lanham Act claims, but not under the confusion as to origin prong relied upon by Plaintiffs. In the initial Complaint and subsequent briefing, Plaintiffs based their Lanham Act and California unfair competition claims on Defendants' alleged reverse passing off, not on false or misleading advertising. Plaintiffs cannot change the basis for their Lanham Act and California unfair competition claims at this late stage in the proceedings.

Defendants cite *Williams v. UMG Recordings, Inc.*, No. CV 01-3135-DT, 2003 WL 22129505 (C.D. Cal. Aug. 11, 2003) for an illustration of a post-*Dastar* analysis of Lanham Act and California unfair competition claims. In *Williams*, the plaintiff's Lanham Act claim for reverse passing off was based on defendants' alleged misattrribution of film credits. The District Court applied the *Dastar* definition of origin of goods and determined that the

plaintiff did not have a claim of authorship or direction in defendants' product, because the plaintiff was the author, not the producer, of the tangible goods. *Id.* at *5. The plantiff's Lanham Act claim was barred as a matter of law. The plaintiff requested leave to amend to add a California unfair competition claim. The Court determined that any unfair competition claim would be futile because of the congruence of Lanham Act and California unfair competition claims. "Plaintiff's putative unfair competition claim would fail for the same reasons his Lanham Act claim fails." *Id.* at *7. *Williams* demonstrates that, under the *Dastar* interpretation of origin, Lanham Act and California unfair competition claims remain congruent.

Plaintiffs assert that their unfair competition claim survives because California Business and Professions Code Sections 17200 and 17500 are broader in scope than the Lanham Act. However, Plaintiffs' authority does not directly support their assertions. Plaintiff cites *Izusu Motors Limited v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1048 (C.D. Cal. 1998) and *Films of Distinction, Inc. v. Allegro Films Productions, Inc.*, 12 F. Supp. 2d 1068, 1079 n.6 (C.D. Cal. 1998) for the proposition that California unfair competition law is broader than the Lanham Act. However, *Izusu* and *Films of Distinction* are inapposite because they address the false advertising prong of the Lanham Act, § 43(a)(1)(B), rather than the reverse passing off claim that Plaintiffs assert under § 43(a)(1)(A) of the Lanham Act. Plaintiffs' citation to *Duncan v. Stuetzle*, 76 F.3d 1480, 1491 n.17 (9th Cir. 1996) is not particularly helpful as the Ninth Circuit mentioned, in a footnote, that they *assumed without deciding* that plaintiff's claims "might also be cognizable under the Lanham Act."

In the briefing, Plaintiffs did not identify any case in which the Lanham Act claim failed, but the California unfair competition claim

survived based on the application of the consumer-confusion test. Plaintiffs did direct the Court to *Smart Inventions, Inc. v. Allied Communications Corp.*, 94 F. Supp. 2d 1060 (C.D. Cal. 2000), during oral argument. In *Smart*, the Court concluded that Plaintiff failed to establish it was likely to prevail on its claim for unfair competition under § 43(a)(1)(A) of the Lanham Act, but succeeded in establishing it was likely to prevail on the deceptive advertising claim under § 43(a)(1)(B) of the Lanham Act. *Id.* at 1074, 1076. The Court found that Plaintiff established probable success on the merits of its state unfair competition and false advertising claims "insofar as they are based on Defendants' alleged copyright violation and Defendants' advertisement." *Id.* at 1076 n.21. Although the California claims survived in *Smart*, they did so on the basis of § 43(a)(1)(B) of the Lanham Act, not on § 43(a)(1)(A) of the Lanham Act, which is the section at issue in this case. *Smart* does not support Plaintiffs' assertion that a state unfair competition claim can survive when the related Lanham Act claim for unfair competition fails.

Plaintiffs argue that Defendants' authority stands for the limited proposition that California unfair competition and Lanham Act claims are congruent only with regard to the consumer-confusion test. However, as Defendants indicate, Plaintiffs' argument is too narrow and ignores Ninth Circuit case law which equate the claims in all respects, not just as to the confusion element. *See Denbicare*, 84 F.3d at 1152-53 (holding that the "first sale" doctrine defeated plaintiff's Lanham Act claim, and therefore defeated plaintiff's state-law unfair competition claim); *Williams*, 2003 WL 22129505, at *5, 7 (plaintiff's Lanham Act claim was barred as a matter of law because plaintiff lacked a claim of authorship over defendants' work; therefore, any California unfair competition claim would be futile).

Although California unfair competition law may be broad in scope, the California reverse passing off claim is congruent with the Lanham Act claim

and must be resolved by applying the same test of consumer confusion. In this case, the Supreme Court held that Defendants did not place a false designation of origin on their products, which led to a rejection of Plaintiffs' Lanham Act claim; there was no consumer confusion regarding the origin of the goods. The Supreme Court's finding that Defendants' actions were not misleading under the Lanham Act controls the resolution of their California unfair competition claim. As with their Lanham Act claim, Plaintiffs cannot prevail on their California unfair competition claim.

Defendants assert three additional independent bases to support their motion for summary adjudication.[2] The Court declines to address those arguments because the congruence of the California unfair competition and Lanham Act claims is sufficient to warrant dismissal of Plaintiffs' unfair competition claim.

### IV. Conclusion

The Court **grants** Defendants/Counterclaimants' Motion for Reconsideration (docket no. 383). Plaintiffs' unfair competition claim is **hereby dismissed with prejudice.**

October 14, 2003

FLORENCE-MARIE COOPER, Judge
UNITED STATES DISTRICT COURT

---

[2] The additional bases were (1) judicial estoppel, (2) conflict preemption, and (3) law of the case.