UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWENTIETH CENTURY FOX FILM CORPORATION, SFM ENTERTAINMENT LLC, and NEW LINE HOME VIDEO, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>DASTAR CORPORATION, ENTERTAINMENT DISTRIBUTING and MARATHON MUSIC & VIDEO<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CV 98-07189 FMC (Ex)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF COPYRIGHT INFRINGEMENT RULING** |

This matter is before the Court on Defendants' Motion for Reconsideration of this Court's December 30, 2002 ruling that Defendants are liable for copyright infringement and the October 20, 2003 Judgment Concerning Claims Asserted Against Counterdefendant Random House, Inc. (docket no. 394) filed October 30, 2003. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for November 24, 2003, is removed from the Court's calendar. For the reasons set forth below, the Court **hereby denies** Defendants' Motion for Reconsideration.

403

Local Rule 7-18 limits the grounds upon which a party may seek reconsideration of the court's decision on a given motion. Under Local Rule 7-18, a motion for reconsideration is proper only where the moving party demonstrates: (a) a material difference in fact or law from that previously presented to the Court that in the exercise of reasonable diligence could not have been known to the party at the time of such decision; (b) the emergence of new material facts or a change in law occurring after the Court has rendered its decision; or (c) a manifest showing of a failure to consider material facts presented to the Court. Under Local Rule 7-18, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."

Defendants argue reconsideration is proper under subsections (a) and (b), because the Supreme Court's decision in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 123 S.Ct. 2041 (2003) constitutes a material difference in law from that presented to this Court and reflects the emergence of a change in law occurring after this Court rendered its decision.

After thorough review of the Supreme Court's decision in *Dastar*, the Court finds that the *Dastar* decision does not warrant reconsideration of this Court's December 30, 2002 and October 20, 2003 orders relating to Plaintiffs' copyright infringement claim.

The Court **hereby denies** Defendants' Motion for Reconsideration (docket no. 394).

November 18, 2003

FLORENCE-MARIE COOPER, Judge
UNITED STATES DISTRICT COURT

2